# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ADELL EDWARD WILLIAMS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No.: 4:17cv86-WS/CAS**

**R. FORNES, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil rights action in February 2017. ECF No. 1. It was not until June 5, 2017, that Plaintiff was granted leave to proceed in forma pauperis. ECF No. 8. At that time, Plaintiff was no longer in custody and had been released from the Department of Corrections. Plaintiff was, however, in custody at the time he initiated this case. Accordingly, an Order was entered on June 5, 2017, requiring Plaintiff to pay an assessed initial partial filing fee of $25.80 no later than July 3, 2017. ECF No. 8.

Plaintiff was advised that even though he is no longer incarcerated, he is still responsible for full payment of the filing fee pursuant to 28 U.S.C.

§ 1915(b)(a).  ECF No. 8 at 3.  Plaintiff's subsequent release from prison did not alter the historical fact that when this case was filed, Plaintiff was a prisoner.  *See* Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir. 1997) (concluding that former prisoner's current status did "not alter the fact that he was a prisoner when he filed the appeals.").  Under the PLRA, Plaintiff is still required to make partial payments as he is able to do so because the relevant statute, § 1915(b)(1) mandates that a "prisoner shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).  No provision eliminates that obligation for prisoners after release.  *Id.*

Plaintiff was also required to submit an amended complaint.  The prior Order explained why Plaintiff's initial complaint was insufficient and directed him to file an amended complaint by July 3, 2017.  *Id.*

As for both requirements (to pay the filing fee and file an amended complaint), Plaintiff was advised that if he failed to comply with the Order, a recommendation may be made to dismiss this case.  ECF No. 8 at 6.  As of this date, nothing further has been received from Plaintiff.  It would appear that Plaintiff has abandoned this litigation.  Accordingly, it is recommended that this case be dismissed for failure to comply with a court order and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

If Plaintiff still desires to continue this case, Plaintiff must immediately submit a motion for reconsideration of this recommendation. Plaintiff must also comply with the prior Order and file an amended complaint and submit the assessed initial partial filing fee of $25.80.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and comply with a court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 19, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:17cv86-WS/CAS